UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICARDO TABOADA, <br><br> Petitioner, <br><br> -against- <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | 1:22-CV-8141 (LJL) <br><br> 1:19-CR-0117-01 (LJL) <br><br> ORDER |

LEWIS J. LIMAN, United States District Judge:

Petitioner Ricardo Taboada, who is currently incarcerated in Federal Correctional Institution Fort Dix, at Joint Base McGuire-Dix-Lakehurst, in New Jersey, brings this *pro se* petition for a writ of *audita querela*, in which he challenges the legality of the imposition of the sentence the Court imposed on him that was entered in *United States v. Taboada*, ECF 1:19-CR-0117, 128 (S.D.N.Y. Sept. 20, 2021), as well as the Federal Bureau of Prisons's execution of that sentence. He asks the Court to vacate his "convictions" and resentence him to time served. ECF 1:22-CV-8141, 1, at 3.

The Court understands that portion of the petition that challenges the imposition of the sentence as a motion for relief under 28 U.S.C. § 2255, and that portion of the petition that challenges the execution of that sentence as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241.  For the following reasons, the Court grants Petitioner leave to withdraw his Section 2255 motion; severs, under Rule 21 of the Federal Rules of Civil Procedure, his claims for Section 2241 relief; and transfers, under 28 U.S.C. § 1406(a), his claims for Section 2241 relief to the United States District Court for the District of New Jersey as a separate Section 2241 petition.

## DISCUSSION

**A.      Relief under 28 U.S.C. § 2255**

The Court understands that portion of the petition in which Petitioner challenges the legality of the imposition of his sentence (ECF 1:22-CV-8141, 1, at 3), as a motion for relief under 28 U.S.C. § 2255,[1] *Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence."); *see Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997) ("A petitioner seeking to challenge the legality of the *imposition* of a [federal] sentence by a court may . . . make a claim pursuant to Section 2255.") (emphasis in original).

If Petitioner does not want to pursue relief under Section 2255, he may notify the Court in writing within 60 days that he wishes to withdraw his request for that relief. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998). The Court is giving Petitioner notice of its intent to recharacterize this portion of his petition as a Section 2255 motion and granting him an opportunity to withdraw it because, generally, only one Section 2255 motion is permitted. *Castro*, 540 at 377 ("Such recharacterization can have serious consequences for the prisoner, for it subjects any subsequent motion under § 2255 to the restrictive conditions that federal law imposes upon a 'second or successive' (but not upon a first) federal [Section 2255] motion." *Castro*, 540 U.S. at 377; *see* 28

---

[1] Petitioner incorrectly styles his petition as one in which he seeks *audita querela* relief. Such relief is "available in limited circumstances with respect to criminal convictions. Specifically, it is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." *United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007) (internal quotation marks and citation omitted). "[I]f the absence of any [other] avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues, then a writ of *audita querela* would lie." *Id.* Petitioner alleges nothing, however, to suggest that Section 2255 relief is unavailable to him.

U.S.C. § 2255(h) ("A second or successive [Section 2255] motion must be certified . . . by a panel of the appropriate court of appeals to contain – (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.").

Petitioner will have one opportunity within the applicable one-year limitation period for a full adjudication of his claims under Section 2255. If Petitioner does not inform the Court of his intent within 60 days, the Court will designate that portion of the petition in which he challenges the imposition of his sentence as a Section 2255 motion.

B.     *Habeas corpus* **relief under 28 U.S.C. § 2241**

The Court also understands that portion of the petition in which Petitioner challenges the execution of his sentence (ECF 1:22-CV-8141, 1, at 3), as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, *see Chambers*, 106 F.3d at 474. Normally, the Court would be required to give Petitioner notice and an opportunity to withdraw his request for Section 2241 relief. *See Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004). But in order to entertain a Section 2241 petition, a federal district court must have jurisdiction over the petitioner's custodian. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). Thus, the jurisdiction to consider a Section 2241 petition challenging a petitioner's physical confinement generally lies in the district court for the judicial district of the petitioner's confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Petitioner is currently incarcerated in a federal prison in New Jersey, within the District of New Jersey. *See* 28 U.S.C. § 110. Accordingly, in light of Petitioner's *pro*

*se* status and in the interest of justice, the Court severs, under Rule 21 of the Federal Rules of Civil Procedure, that portion of the petition that the Court construes as asserting claims for Section 2241 relief in which Petitioner challenges the execution of his sentence,[2] and transfers those claims to the United States District Court for the District of New Jersey as a separate Section 2241 petition. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Court finds that this petition for a writ of *audita querela*, notwithstanding its designation, should be construed, in part, as a motion under 28 U.S.C. § 2255, and, in part, as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241.

If Petitioner does not want to pursue relief under Section 2255, he must notify the Court in writing within 60 days that he wishes to withdraw his Section 2255 motion. If he does not inform the Court of his intent within 60 days, the Court will construe that portion of his petition that challenges the imposition of his sentence as a Section 2255 motion. No response to that portion of the petition is required as this time.

The Court directs the Clerk of Court to sever, under Rule 21 of the Federal Rules of Civil Procedure, that portion of the petition that the Court construes as asserting claims for Section 2241 relief in which Petitioner challenges the execution of his sentence, and to transfer, under 28 U.S.C. § 1406(a), those claims to the United States District Court for the District of New Jersey as a separate Section 2241 petition. Whether Petitioner should be permitted to proceed further with respect to his Section 2241 petition without payment of fees, and whether he should be provided with notice and an opportunity to withdraw his Section 2241 petition, are determinations to be made by the transferee court.

---

[2] Under Rule 21 of the Federal Rules of Civil Procedure, "[t]he court may . . . sever any claim against a party." Fed. R. Civ. P. 21.

As Petitioner has not, at this time, made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 24, 2022
         New York, New York

                                        _____
                                        LEWIS J. LIMAN
                                        United States District Judge