UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
Ricardo Taboada, :
:
                Petitioner, :
: 22-cv-8141 (LJL)
     -v- : 19-cr-117 (LJL)
:
United States of America, : OPINION AND ORDER
:
                Respondent. :
:
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

    Movant Ricardo Taboada ("Taboada") brings this action, *pro se*, as a petition for a writ of *audita querela*, challenging the imposition of the sentence the Court imposed on him in *United States v. Taboada*, 19 Cr. 117. Dkt. No. 1 ("Petition"). Taboada asks that his convictions be vacated and that he be resentenced to a sentence of time served. *Id.* at 3. The Court construes Taboada's Petition as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 and, so construing Taboada's Petition, the Court denies it.[1]

## BACKGROUND

**I.    The Criminal Proceeding**

    Taboada pleaded guilty on September 10, 2019, to Count One of the Indictment, 19 Cr. 117, charging him with conspiracy to commit bank fraud in violation of Section 1349 of Title 18

---

[1] A portion of Taboada's Petition challenges the execution of his sentence, and in particular, the failure to give him a COVID-19 vaccine when he was sentenced and the claim that he has been in continuous lockdown since his incarceration. Dkt. No. 1 at 3. The Court treated that portion of his Petition as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, severed it from Taboada's challenge to the imposition of his sentence, and transferred it under 28 U.S.C. § 1406(a) to the United States District Court for the District of New Jersey, the district court for the judicial district of Taboada's confinement. Dkt. No. 5 at 1. Nothing in this Order is intended to address Taboada's request for relief under 28 U.S.C. § 2241.

of the United States Code. *See* 19 Cr. 117, Dkt No. 65 at 6. As the transcript of the plea proceedings reflect, he did so pursuant to a plea agreement dated August 27, 2019, in which he agreed that the Sentencing Guidelines applicable to his case called for a Sentencing Guidelines range of 100-125 months imprisonment. *Id.* at 13. Taboada admitted that he "and others knowingly entered into an agreement to unlawfully procure monies from financial institutions utilizing false promises and misleading statements which [he] knew was wrong within the Southern District of New York between April 2017 and February 2019." *Id.* at 17.

During the plea proceeding before the Honorable James L. Cott, Judge Cott engaged in the following colloquy with Taboada:

> THE COURT: Now, do you understand that under the term of the plea agreement . . . if [you are sentenced] to a prison term that is 125 months or less, you'll be giving up your right to appeal that sentence or to challenge it in any other way, such as through a *writ of habeas corpus*? Do you understand that?
>
> THE DEFENDANT: Yes, your Honor.

*Id.* at 13. Thereafter, on September 20, 2019, Mr. Taboada admitted to a violation of his terms of supervised release in a prior case against him, 14 Cr. 412, by engaging in the federal crime of bank fraud during the period of time from April 2017 until February 6, 2019. 19 Cr. 117, Dkt. No. 129 at 4. On July 6, 2021, the case was reassigned to this Court.

The Court sentenced Taboada to a term of incarceration of twenty-four months for the violation of supervised release. 19 Cr. 117, Dkt. No. 128 at 2. The Court also sentenced Taboada to 100 months imprisonment for his commission of the crime of conspiracy to commit bank fraud, to run consecutively with his sentence for violation of supervised release, followed by five years of supervised release. *Id.* at 2–3. The sentence was at the bottom end of Taboada's sentencing guidelines range of 100-125 months—a range that was substantially informed by a criminal history score that put him in Category VI. *See* 19 Cr. 117, Dkt. No. 129 at 26.

**II.     Procedural History**

Taboada filed a petition for a writ of *audita querela* on September 22, 2022. The writ of *audita querela* only "remains available in limited circumstances with respect to criminal convictions." *United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007). Those circumstances are few. It "is generally limited to cases where 'the absence of any avenue of collateral relief would raise serious constitutional questions about the laws limiting those avenues.'" *Persico v. United States*, 418 F. App'x 24, 25 (2d Cir. 2011) (quoting *Richter*, 510 F.3d at 104). The writ "is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." *Richter*, 510 F.3d at 104 (quoting *United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995)). "[T]he writ is generally not available to review a criminal conviction when the petitioner could have raised his or her claims in a 28 U.S.C. § 2255 motion." *Persico*, 418 F. App'x at 25. The relief Taboada seeks is covered by statute. "'[A]s a federal prisoner challenging the legality of his conviction, the relief he seeks is covered by statute, to wit, 28 U.S.C. § 2255.'" *Kwok Ching Yu v. United States*, 2020 WL 1243781, at *4 (S.D.N.Y. Mar. 16, 2020) (quoting *Legrano v. United States*, 513 F. App'x 6, 7 (2d Cir. 2013)); *see Pena v. United States*, 2020 WL 183216, at *2 (S.D.N.Y. Jan. 13, 2020) ("Because the Defendant is challenging the legality of his conviction, he is required to pursue a motion pursuant to 28 U.S.C. § 2255 (as opposed for example pursuant to the All Writs Act, 28 U.S.C. § 1651(a)).").

By Order of October 24, 2022, the Court gave Taboada notice that it intended to designate the portion of his Petition where he challenged the imposition of his sentence as a Section 2255 motion. Dkt. No. 146 at 3. The Court informed Taboada that he would "have one opportunity within the applicable one-year limitation period [under 18 U.S.C. § 2255] for a full

3

adjudication of his claims under Section 2255" and that "generally, only one Section 2255 motion is permitted." *Id.* at 2-3.  For that reason, and recognizing the consequences for Taboada if the Petition were treated as a Section 2255 motion, the Court gave Taboada the opportunity to withdraw the petition. *Id.* at 2.  The Court stated that if Taboada did not inform the Court of his intent within sixty days, the Court would treat the petition as a Section 2255 motion. *Id.* at 3.  On December 19, 2022, the Court received from Taboada a "Reply to Order" in which he stated that he had "no objection to the Petition being construed as a Petition under 28 USC 2255." *See* Dkt. No. 6.

## DISCUSSION

The thrust of Taboada's motion is that the Court miscalculated his Sentencing Guidelines range—and that his sentence was far above what his Guidelines range should have been—because the Court used Taboada's "intended loss" for the crime of fraud in calculating Taboada's loss level, instead of "the loss" as proscribed by the Guidelines in Section 2B1.1.  Application Note 3(A) to Sentencing Guidelines Section 2B1.1 states, in pertinent part, "Subject to the exclusions in subdivision (D), loss is the greater of actual loss or intended loss."  U.S.S.G. § 2B1.1, Application Note 3(A).  Taboada relies on the decisions of the Third Circuit in *United States v. Nasir*, 982 F.3d 144 (3d Cir. 2020) (*en banc*), and the United States District Court for the Western District of New York in *United States v. Swinton*, 495 F. Supp. 3d 197 (W.D.N.Y. 2020).  In *Nasir*, the Third Circuit held that the definition of "controlled substance offense" under Section 4B1.2(b) of the Guidelines does not include inchoate crimes such as attempt to possess a controlled substance.  *Nasir*, 982 F.3d at 158–59.  Following the principles of administrative law set forth in *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019), the court reasoned that the commentary and application notes to the Sentencing Guidelines may only interpret the Guidelines but may not "add to their scope."  *Nasir*, 982 F.3d at 159.  The Third Circuit thus

concluded that it was impermissible for the commentary to expand the scope of the applicable Guidelines to reach inchoate crimes. *Id.* at 157, 159. Here, the Presentence Report and the Court calculated Taboada's offense level based on an *intended* loss of at least $1.5 million but not more than $3.5 million. Reasoning by analogy, Taboada argues that his Guidelines range should be dictated only by the "loss" caused by his offense and not by the intended loss, and thus the Court erred in calculating Taboada's offense level. Dkt. No. 1 at 1, 3.

Taboada's motion is without merit for two reasons. First, Taboada waived his right to challenge his sentence in a Section 2255 motion. The Second Circuit has held that waivers of the right to challenge a sentence through a Section 2255 motion are enforceable even if the grounds for the motion arose after the agreement was entered into if the agreement was knowingly and voluntarily made. *Garcia-Santos v. United States*, 273 F.3d 506, 509 (2d Cir. 2001). "Such an agreement serves important interests of both parties. Like a waiver of direct appeal rights, it serves the government's interest in avoiding both the expense and uncertainty of further litigation. The defendant characteristically receives important benefits as well. . . . He . . . receive[s] significant assurance, although no guarantee, that the sentence would not exceed a predicted maximum severity." *Id.* Taboada waived his right to challenge any sentence that was 125 months or less and he indicated that he understood that provision. The Court imposed a sentence of 100 months imprisonment for his guilt with respect to Count One of the Indictment. Taboada's waiver therefore governs and bars this claim.

Second, the Second Circuit has held that Application Note 3(A) to Section 2B1.1 is "binding unless an unreasonable interpretation of the Guideline or contrary to law" and that "the court must apply the *greater* of the actual or intended loss amount" in calculating a defendant's sentencing guidelines. *United States v. Lacey*, 699 F.3d 710, 718 (2d Cir. 2012) (emphasis in

original). Application Note 3(A) is not an unreasonable interpretation of the Guidelines. Section 2B1.1 instructs the district court to increase the offense level "[i]f the loss exceeded" certain specified amounts. It does not specify whether the loss is to include "intended loss" or be limited to "actual loss." It is ambiguous. Unlike other provisions of the Guidelines, Section 2B1.1 does not use the language of causation or benefit to the defendant. *Compare, e.g.*, U.S.S.G. § 2A1.5(c) (referring to an offense that "resulted in the death of a victim"); U.S.S.G. § 2A2.3(b) (increased offense level if "the offense resulted in substantial bodily injury"); U.S.S.G. § 2B1.1(b)(17) (referring to gain to defendant); U.S.S.G. § 2B4.1 (referring to benefit to the defendant). Application Note 3(A) answers this ambiguity. It makes clear that the defendant's culpability is to be determined by what he intended if that amount is greater than what he obtained. The Court thus did not commit error in calculating Taboada's guidelines based upon the agreed amount of intended loss.

## CONCLUSION

For the reasons set forth above, the Petition is DENIED. The Clerk of Court is respectfully directed to close case number 22 Civ. 8141.

Because Taboada has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purposes of appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: February 13, 2022
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge