```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
UNITED STATES OF AMERICA,                                              :
                                                                       :
                                                                       :
            -v-                                                        :     19-cr-117 (LJL)
                                                                       :
RICARDO TABOADA,                                                       :     MEMORANDUM AND
                                                                       :          ORDER
                    Defendant.                                         :
                                                                       :
-----------------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Defendant Ricardo Taboada moves pro se, pursuant to 18 U.S.C. § 3582(c)(2), for a reduction in sentence pursuant to Part A of Amendment 821 to the Untied States Sentencing Guidelines.  Dkt. No. 172.  The Government opposes Mr. Taboada's motion.  Dkt. No. 177.

Section 3582(c)(2) of Title 18 of the United States Code authorizes the Court, on motion or on its own motion, to reduce the term of imprisonment of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . after considering the factors set forth in section 3553(a) [of Title 18] to the extent they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see United States v. Zapatero*, 961 F.3d 123, 127 (2d Cir. 2020).

Mr. Taboada is ineligible for a sentence reduction.  *See* Dkt. No. 176 at 3 (supplemental presentence report).  On September 24, 2021, the Court sentenced Mr. Taboada to 100 months' imprisonment—a term at the bottom of the then-applicable Sentencing Guidelines range of 100 to 125 months.  Dkt. No. 128.  That range was based, in part, on the calculation that Mr. Taboada's criminal history score was 19, yielding a criminal history category of VI.  Dkt. No. 74

§ 61.  Mr. Taboada's prior criminal convictions resulted in a subtotal criminal history score of 17, which was increased pursuant to U.S.S.G. § 4A1.1(d) by 2 points because he committed the instant offense while on a term of supervised release.  *Id.* §§ 59–60.  Part A of Amendment 821 to the Sentencing Guidelines, which was made to apply retroactively as of February 1, 2024, "decreases status points by one point for offenders with seven or more criminal history points." *United States v. Torres*, 2024 WL 621554, at *1 (S.D.N.Y. Feb. 14, 2024) (Chin, J.); *see United States v. Williams*, 2024 WL 1743039, at *1 (S.D.N.Y. Apr. 23, 2024).  Accordingly, Mr. Taboada's criminal history score is now 18.  Dkt. No. 176 at 2.  But under Chapter Five, Part A, a criminal history score of 18 still results in a criminal history category of VI.  U.S.S.G. Ch. 5 Pt. A.  Mr. Taboada's Guidelines range is therefore unchanged and remains 100 to 125 months.  *Id.*  As a result, Mr. Taboada was not sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2); *see United States v. Azcona*, 2024 WL 1051585, at *1 (S.D.N.Y. Mar. 11, 2024).

For the foregoing reasons, Mr. Taboada's motion is denied.  The Clerk of Court is respectfully directed to close Dkt. No. 172.

SO ORDERED.

Dated: May 8, 2024
New York, New York

_____
LEWIS J. LIMAN
United States District Judge